LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

FILED
DISTRICT COURT OF GUAM

MAR 04 2016

JEANNE G. QUINATA
CLERK OF COURT

Attorneys for Plaintiff

IN THE DISTRICT COURT OF GUAM

DENA DORSEY,

    Plaintiff,

vs.

HARVEST INVESTMENT dba HARVEST RESIDENCE and FIRST NET INSURANCE COMPANY,

    Defendants.

CIVIL CASE NO. CIV16-00015

COMPLAINT

# INTRODUCTION

1. This is an action for damages for the bodily injuries suffered by plaintiff Dena Dorsey arising from an accidental fall from a staircase on Guam caused by the negligence of Harvest Investment dba Harvest Residences for knowingly allowing a dangerous condition to exist on its premises in violation of the provisions of 21 G.C.A. §67101, et. seq. and other Guam laws.

# JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

# PARTIES

3. Plaintiff Dena Dorsey is an adult individual and a resident of the State of Virginia.

4. On information and belief, defendant Harvest Investment dba Harvest Residence (hereinafter Harvest Residence) is a condominium organized and existing under the laws of Guam.

5. Defendant First Net Insurance Company (hereinafter "First Net") is an insurance company licensed to do business on Guam.

**FACTS**

6. At all relevant times herein, the defendant Harvest Residence owned, operated and maintained the premises of the Harvest Residences, a residential condominium apartment complex in Maite, Guam, which was of concrete construction and had an exterior stairway structure open and accessible to all persons coming and going upon the premises.

7. At all relevant times herein, plaintiff was a military dependant and was leasing an apartment on the third floor at the Harvest Residence.

8. For several weeks prior to August 7, 2014, plaintiff was off-island and returned to Guam on the early morning of August 7, 2014. Upon arrival at Harvest Residence on the early morning of August 7, 2014, plaintiff took the elevator to get to her third floor apartment.

9. On or about August 7, 2015 at approximately 9:00 p.m., plaintiff left her apartment and decided to exit the building using

2

the outdoor stairway from the third floor of Harvest Residence as she was accustomed to do from time to time.

10. As plaintiff descended the stairway, she reached over to grasp the stairway handrail which, based on past usage and experience, she reasonably believed was there.

11. Unbeknownst to plaintiff, the handrail on the stairway at the time had been removed.

12. As a direct and proximate result of her inability to grasp a handrail, plaintiff lost her balance fell down the concrete stairs and suffered serious injuries.

13. Defendant Harvest Residence had a duty to exercise due care in the operation and maintenance of its premises so as not to expose its invitees to an unreasonable risk of harm.

14. At the time and place set forth above, defendant Harvest Residence breached its duty of care in the following ways:

    a. The stairway's handrail was removed and was allowed to exist in this unsafe condition;

    b. The stairway was not cordoned off to prevent invitees from using the unsafe stairway;

c. No adequate warning was provided to warn invitees of the dangerous condition of the premises created by the absence of the previously present stairway handrail;

d. No temporary handrail was installed in the stairway;

e. There was inadequate lighting in the vicinity of the stairway;

f. Defendant knew or in the exercise of reasonable care should have known that the handrail in the stairway was or had been removed;

g. Defendant knew or in the exercise of reasonable care should have known that the absence of a handrail in the stairway posed a hazardous and dangerous condition to others who would use the stairway;

h. Defendant knew or in the exercise of reasonable care should have recognized the risk of harm of a stairway without a handrail;

l. Defendant failed to take proper remedial measures to eliminate the risk of potential harm of allowing a stairway without a handrail to exist in the premises that invitees used.

15. Defendant Harvest Residence knew, or in the exercise of reasonable care should have known, of the conditions described above.

16. The International Building Code, section 1009.12, as adopted as the Building Code of Guam pursuant to 21 G.C.A. §67101, mandates that all stairways have handrails. The failure of defendant Harvest Residences to have a handrail on the subject stairway was a violation of Guam law.

17. As a direct and proximate result of the violation of Guam law and the negligence of defendant Harvest Residence as described above, at the time and place set forth above, plaintiff fell on the stairway, was injured and is entitled to recover reasonable damages in an amount according to proof.

**FIRST CLAIM - PERSONAL INJURY**

18. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 17 of the Complaint herein.

19. As a direct and proximate result of the negligence of defendant Harvest Residence, plaintiff suffered bodily injuries including, but not limited to, abrasions to her body, head injuries and fractures to her left foot necessitating medical treatment, which have caused and will continue to cause severe pain and suffering, mental anxiety, disfigurement, inconvenience, permanent physical impairment and loss of enjoyment of life.

5

20. As a further direct and proximate result of the negligence of defendant Harvest Residence, plaintiff has incurred and will continue to incur medical and incidental expenses in an amount to be proven at trial.

21. As a further direct and proximate result of the negligence of defendant Harvest Residence, plaintiff has suffered replacement services loss.

22. As a further direct and proximate result of the negligence of defendant Harvest Residence, plaintiff has lost income and income opportunities in an amount to be proven at trial.

**SECOND CLAIM - DEFENDANT INSURANCE COMPANY**

23. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 17 and 19 through 22 of the Complaint herein.

24. At all relevant times herein, defendant Harvest Residence was insured by a liability insurance policy issued by defendant First Net covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

25. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiff is entitled to maintain a direct action against defendant First Net upon the terms and limits of the policy and, accordingly, plaintiff is entitled to recover

against defendant First Net in an amount equal to any judgment recovered against defendant Harvest Residence up to applicable policy limits.

**WHEREFORE**, plaintiff prays for relief against defendants joint and severally as follows:

    1. Compensatory damages of $2,500,000.00 for the bodily injuries of plaintiff;

    2. Damages for past, present and future medical care of plaintiff in an amount to be proven at trial;

    3. Damages for lost income and opportunities of plaintiff in an amount to be proven at trial;

    4. Costs of suit; and

    5. Such other relief as the Court may deem just and proper.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiff

DATE: 3/4/16

BY: _____
ROBERT L. KEOGH

7